IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE FAIN,

      Plaintiff,

vs.                                                                                                          Civ. No. 04-695 RHS

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision ("Motion") **[Doc. 8]**, filed November 1, 2004. On May 10, 1993, the Social Security Administration ("SSA") determined that Plaintiff was disabled because his condition[1] met the requirements of listing 1.12 (now listing 1.07). (Tr. at 33.) In a letter dated December 10, 2001, Plaintiff was notified that he was "no longer disabled" as of December 1, 2001. (Tr. at 49-51.) Plaintiff challenged the agency's decision to terminate his benefits. Following a hearing on February 25, 2003, ALJ Vanderhoof ruled against Plaintiff on April 14, 2003, finding that Plaintiff was no longer disabled as of December 1, 2001. (Tr. at 14-21.)

      2. The ALJ found that although Mr. Fain could not return to his past work, he could perform a limited range of light work. (Tr. at 20.) On May 6, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. at 5-7.) Plaintiff now seeks judicial review of the final decision of the Commissioner terminating his disability benefits.

---

      [1]Plaintiff was diagnosed with "fractures of upper limb." (Tr. at 33.)

3. At the time of the last administrative hearing, Plaintiff was 50 years old with an eleventh grade education.  He has worked in the past as a laborer and carpet/floor installer. Plaintiff alleges that he has continuing difficulties with his right arm.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

5. Plaintiff alleges the following errors with respect to the ALJ's decision:  (1)  the ALJ failed to properly advise Plaintiff of his right to counsel or obtain a valid waiver of that right from Plaintiff; (2) the ALJ erred in finding that medical improvement occurred; (3) the ALJ failed to give controlling weight to Plaintiff's treating physician; (4) the ALJ improperly disregarded evidence of functional limitations in determining Plaintiff's residual functional capacity ("RFC"); and (5) the vocational testimony relied upon by the ALJ was not supported by substantial evidence.  (See Plaintiff's Memorandum in Support of Motion at 1 **[doc. 9]**.)

6. In order to terminate benefits, the Commissioner must prove: (1) that claimant's medical condition has improved; (2) that the improvement is related to his ability to work; and (3) that he is currently able to engage in substantial gainful activity.  20 C.F.R. § 404.1594(a). Medical improvement is any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that claimant was disabled or continued to be disabled.  Id. § 404.1594(b)(1).  A determination that a medical improvement has occurred

must be based on changes or improvements in the symptoms, signs and laboratory findings[2] associated with the claimant's impairment. Id.  The Commissioner "has the burden of showing that a claimant has the ability to engage in substantial gainful activity." Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994) (citing 20 C.F.R. § 404.1594).

**First Alleged Error - Right to Counsel**

7.  The record in this case shows that Plaintiff appeared before ALJ Morris on November 21, 2002.[3]  During that proceeding, the ALJ discussed Plaintiff's right to counsel at length and ultimately continued the hearing in order to give Plaintiff additional time to seek legal representation.  (Tr. at 407-22.)  At the hearing held on February 25, 2003, ALJ Vanderhoof asked if Plaintiff was ready to proceed, to which Plaintiff responded "I have no choice, I guess." (Tr. at 425.)  After confirming that Plaintiff had been unable to obtain legal representation, the ALJ proceeded with the hearing.

8.  Plaintiff argues that he was not properly advised regarding his right to counsel because the ALJ failed to provide certain information.  Specifically, Plaintiff contends that the ALJ was required to explain: "(1) the manner in which an attorney can aid in the proceeding, (2) the possibility of free counsel or a contingent arrangement, and (3) the limitation on attorney fees to 25-percent of past due benefits, and required court approval of the fees." (See Plaintiff's

---

[2]Symptoms are the Plaintiff's description of his impairment.  20 C.F.R. § 404.1528(a). Signs are abnormalities which can be observed apart from symptoms and must be shown by medically acceptable clinical diagnostic techniques.  Id. § 404.1528(b).  Laboratory findings are shown by the use of medically acceptable laboratory diagnostic techniques (i.e., chemical tests, electrophysiological studies, radiological studies and psychological tests).  Id. § 404.1528(c).

[3]Prior to that hearing, the Office of Hearings and Appeals notified Plaintiff of his "right to representation" in a letter dated June 13, 2002.  (Tr. at 83-84.)

Memorandum at 5 (citing Binion v. Shalala, 13 F.3d 243 (7th Cir. 1995) and Thompson v. Sullivan, 933 F.3d 581 (7th Cir. 1991).)  ALJ Morris explained some of this information to Plaintiff on November 21, 2002.  Moreover, despite the apparent necessity of providing this information to claimants in other federal courts, it not required in this circuit.  See Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996) (finding written notice and off-the-record advisement of the right to counsel sufficient) (cited in Thomas v. Barnhart, 54 Fed.Appx. 873, 877, 2003 WL 77202, at **3 (7th Cir. 2003) (unpublished order) (observing that prior "written notice that [claimant] . . . ha[s] a right to representation" adequately establishes a knowing waiver of counsel in the Tenth and Sixth circuits)).

9.  The Court is troubled by the ALJ's failure to explore Plaintiff's response that he had "no choice" regarding whether to proceed.  Nevertheless, under the facts of this case, I find that Plaintiff waived his right to counsel in proceeding *pro se* at his hearing.  Moreover, an invalid waiver or absence of counsel does not justify a remand, unless the ALJ failed to develop the record or Plaintiff can demonstrate that he was prejudiced.  See Binion, 13 F.3d at 245; Simmons v. Chater, 950 F.Supp.1501, 1509 n.15 (N.D.Okl. 1997).  Although Plaintiff argues that an attorney "could have" assisted him in various ways, he fails to show that he was prejudiced.  Nor does it appear that the record was inadequately developed.  Accordingly, Plaintiff's first alleged error is without merit.

**Second Alleged Error - Medical Improvement**

10.  Plaintiff contends that the medical evidence does not support the ALJ's conclusion that Plaintiff's condition medically improved.  "In termination of benefit cases, benefits may not be discontinued without a showing that the claimant's condition has improved."  Byron v. Heckler,

742 F.2d 1232, 1236 (10th Cir. 1984).  "In order for evidence of improvement to be present, there must also be an evaluation of the medical evidence for the [most recent] finding of disability."  Id.  Thus, the principles set forth in Byron require the ALJ to compare the medical evidence from Plaintiff's disability finding to current medical evidence in order to determine whether improvement has occurred.  See id. (quoting Vaughn v. Heckler, 727 F.2d 1040 (11th Cir. 1984) (explaining that "[w]ithout such a comparison, no adequate finding of improvement could be rendered").

11.  The ALJ determined that "[t]he most recent favorable decision that the claimant was disabled is dated May 10, 1993 based on his condition meeting the criteria set forth in Listing Section 1.12 [now 1.07]."  (Tr. at 16 (emphasis added).)  In order to meet this Listing, a claimant's injury must be "under continuing surgical management."  Appendix 1 to Subpart P of Part 404, Listing of Impairments 1.07.  The ALJ specifically noted that, at that time, Plaintiff's right elbow injury "required a series of staged surgical procedures."  (Id.)  By November of 2001, however, the ALJ found that there "was no evidence of further surgical management needed . . . . and his condition is no longer listing level."  (Id.)  Plaintiff does not dispute this finding.

12.  Because the medical evidence shows that Plaintiff's condition no longer meets the listing level on which the finding of disability was based, Plaintiff has experienced medical improvement within the meaning of the regulations.  See 20 C.F.R. § 404.1594(c)(3)(i) (cited in Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994) ("If there has been medical improvement to the degree that the requirement of the listing section is no longer met or equaled, then the medical improvement is related to your ability to work.")).  Consequently, Plaintiff's second allegation of error is without merit.

**Third Alleged Error - ALJ failed to give controlling weight to treating physician**

13.  Plaintiff's allegation that the ALJ failed to give controlling weight to the opinion of his treating physician is puzzling.  With the exception of a radiological report, authored by Richard Gold, M.D., the only physician's opinion mentioned in the ALJ's decision is that of Plaintiff's treating physician, Eric Johnson, M.D.  Moreover, the ALJ did not explicitly reject any of the opinions set forth by Dr. Johnson.

14.  Plaintiff mistakenly asserts that the ALJ ignored Dr. Johnson's opinion that Plaintiff is restricted to lifting no more than five (5) pounds with his right arm and should not engage in repetitive movements with his right arm.  Not only did the ALJ note these limitations in his decision, he included them in the hypothetical posed to the Vocational Expert ("VE") at Plaintiff's hearing.  (Tr. at 443 (informing the VE that Plaintiff "should only lift [a] maximum of five pounds with . . . [his] right hand[,] . . . . [and] should not be expected to operate repetitive and arm controls . . . with the right upper extremity").)[4]  I find that Plaintiff's third allegation of error is without merit.

**Fourth Alleged Error - ALJ erred in determining Plaintiff's RFC**

15.  Residual functional capacity ("RFC") is defined by the regulations as "what [a claimant] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a) (cited in Davidson v. Secretary of HHS, 912 F.2d 1246, 1253 (10th Cir. 1990)).  "In assessing the total limiting effects of [a claimant's] impairment(s) and any related symptoms . . . [the ALJ] will consider all of the

---

[4]Plaintiff correctly noted that the ALJ did not address Dr. Johnson's opinion that Plaintiff "cannot rest his elbows on anything."  (Tr. at 378.)  I will consider this point in the context of Plaintiff's fourth allegation of error regarding the determination of Plaintiff's residual functional capacity ("RFC").

6

medical and nonmedical evidence." § 404.1545(e) (emphasis added).  Specifically, the ALJ must consider the opinions of State agency medical consultants "as expert opinion evidence of nonexamining physicians and psychologists and must address the opinions in their decisions." Social Security Ruling ("SSR") 96-5p.1996 WL 374183, at *6.

16. In this instance, the ALJ apparently relied entirely on the opinions of Dr. Johnson and a radiological report as the medical source evidence underlying his determination of Plaintiff's RFC and limitations.  The ALJ did not discuss the Physical Residual Functional Capacity Assessment completed by medical consultants M. Z. Yoder, M.D. and David Green, M.D. (affirming).  (Tr. at 380-87.)  Nor did the ALJ address any of the CAASE Development Sheets, containing comments by Dr. Yoder regarding Plaintiff's status.  (See, e.g., Tr. at 390 (noting on December 7, 2001 that Plaintiff's "elbow is stable, if not very functional" and Plaintiff "should now be considered a one-arm worker").)  Indeed, nowhere in his decision did the ALJ mention the State agency physicians or their findings.  While the ALJ is not bound by the conclusions of the medical consultants, he "must consider [their] findings . . . as opinion evidence." 20 C.F.R. § 404.1527(f); see also Gathright v. Shalala, 872 F.Supp. 893, 898 (D.N.M. 1993) (noting that the Commissioner may not ignore evidence).  Thus, the ALJ's failure to consider and address the opinions of these medical consultants was error.

17. Drs. Yoder and Green described Plaintiff's ability to reach with the right arm as "limited . . . due to elbow contracture," and noted that Plaintiff "[c]ertainly cannot bring weight down from overhead or even above waist level."  (Tr. at 383.)  The consulting physicians also found that Plaintiff's handling ability (gross manipulation) was limited, because "although

[Plaintiff] can grip with the right hand, he cannot pronate,[5] supinate,[6] flex and contract the forearm." (Id.)

  18. Reaching and handling "are activities required in almost all jobs.  Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do."  SSR 85-15 (PPS [Program Policy Statement] 119) 1985 WL 56857, at *7; see also 20 C.F.R. § 404.1545(b) (stating that a limited ability to reach or handle may reduce the ability to do work).  Thus, the medical consultants' opinions are also potentially significantly probative, because they address Plaintiff's reaching and handling abilities.  See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citing Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir. 1984)) (finding that an ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects).

  19. Accordingly, this matter should be remanded for consideration of the opinion evidence of Drs. Yoder and Green regarding Plaintiff's abilities and limitations.  Specifically, the Commissioner should consider the limitations set forth in the Physical Residual Functional Capacity Assessment completed by Dr. Yoder and affirmed by Dr. Green.  Finally, because this matter is being remanded for consideration of other evidence, the Commissioner should also consider the observation of Dr. Johnson that Plaintiff  "cannot rest his elbows on anything."  (Tr. at 378.).

**Fifth Alleged Error - VE testimony**

---

[5] Pronation, "[a]s applied to the hand, [is] the act of turning the palm backward . . . or downward."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1075 (26th ed. 1981).

[6] Supination, "[a]s applied to the hand, [is] the act of turning the palm forward . . . or upward."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1276.

20. A VE's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the VE adequately reflects the state of the record. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Plaintiff alleges that the ALJ erred by not including the limitations described above in the hypothetical posed to the VE. Because this matter is remanded for consideration of the medical opinions regarding those limitations, the Court need not address Plaintiff's allegations regarding the hypothetical presented to the VE.

21. It is not clear whether, or to what extent, the evaluation of the medical opinion evidence above will influence the ALJ's findings with respect to Plaintiff's RFC and/or limitations, and thus, any hypotheticals presented to a VE. Moreover, it is not the Court's role to "reweigh the evidence or try the issues de novo or substitute its judgment for that of the [ALJ]." Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Accordingly, the Commissioner will proceed as necessary in light of any new or revised findings following a consideration of the medical opinion evidence.

WHEREFORE,

Plaintiff's Motion to Reverse or Remand Administrative Agency Decision **[Doc. 8]** is GRANTED. This case is remanded for additional proceedings consistent with this opinion, to include:

(1) consideration of the medical opinion evidence set forth above regarding Plaintiff's abilities and limitations;

(2) a re-assessment of Plaintiff's RFC and limitations in light of any new or changed findings following the consideration of the medical opinions above; and

(3)    additional proceedings, including the presentation of appropriate hypothetical

questions to a VE, as necessary.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE